EXHIBIT A

Case Number: WC-2024-0125
Filed in Washington County Superior Court
Submitted: 3/12/2024 1:19 PM
Envelope: 4529869
Reviewer: Tracy K.

Case 1:24-cv-00141-WES-LDA   Document 1-2   Filed 04/10/24   Page 2 of 16 PageID #: 8

| | |
|---|---|
| STATE OF RHODE ISLAND<br>WASHINGTON, SC. | SUPERIOR COURT |

|  |  |  |
|---|---|---|
| 46 EXETER, LLC | : | |
| | : | |
| v. | : | C.A. No.: WC-2024- |
| | : | |
| PENN-AMERICA INSURANCE<br>COMPANY, and NAUTILUS<br>INSURANCE COMPANY | :<br>:<br>:<br>: | |

## COMPLAINT

Now comes Plaintiff, 46 Exeter, LLC ("46 Exeter") and hereby alleges as follows:

*The Parties*

1.      46 Exeter is a limited liability company organized and existing under the laws of the State of Rhode Island, and owns certain real property located at 46 Exeter Boulevard, Narragansett, Rhode Island (the "Property").

2.      Defendant, Penn-America Insurance Company, Alias ("Penn") is an entity incorporated in the State of Pennsylvania, with a principal place of business in Bala Cynwyd, Pennsylvania.  At all times material hereto, Penn was in the business of the provision of surplus lines insurance.

3.      Defendant, Nautilus Insurance Company, Alias ("Nautilus") is an entity incorporated in the State of Arizona, with a principal place of business in Scottsdale, Arizona. At all times material hereto, Nautilus was in the business of the provision of surplus lines insurance.

Case Number: WC-2024-0125
Filed in Washington County Superior Court
Submitted: 3/12/2024 1:19 PM
Envelope: 4529869
Reviewer: Tracy K.

Case 1:24-cv-00141-WES-LDA    Document 1-2    Filed 04/10/24    Page 3 of 16 PageID #: 9

*Jurisdiction*

4. The amount in controversy is sufficient to confer jurisdiction upon this Honorable Court, and Defendants purposefully availed themselves to the jurisdiction of this Court.

5. Venue is proper in this Court.

*Background Facts*

6. At all times material hereto, 46 Exeter was the owner of the Property which was utilized as a single-family rental dwelling.

7. 46 Exeter insured the Property through Penn with a Commercial Lines Common Policy bearing policy number PAV0352808 (the "Penn Policy").

8. In or around November 2023, 46 Exeter entered into an agreement with non-party, MTB Development LLC ("MTB") for certain construction work to be furnished by MTB.

9. MTB held a Commercial General Liability policy with Nautilus bearing policy number NN1598647 (the "Nautilus Policy").

10. On the evening of January 8 into January 9, 2024, there was a significant storm in the Property's locale which caused significant damage to the Property.

11. 46 Exeter was in the process of engaging with a disaster recovery company, when on the evening of January 12 into January 13, a second storm occurred in the area which caused additional damage to the Property.

12. As a result of the storm damages sustained by the Property, 46 Exeter was forced to clear the tenants from the Property and refund to them six months' worth of rent and utility payments.

13. Claims were immediately initiated by 46 Exeter with both Penn and Nautilus.

Case Number: WC-2024-0125
Filed in Washington County Superior Court
Submitted: 3/12/2024 1:19 PM
Envelope: 4529869
Reviewer: Tracy K.

Case 1:24-cv-00141-WES-LDA   Document 1-2   Filed 04/10/24   Page 4 of 16 PageID #: 10

14. Penn began investigating the claim initiated by 46 Exeter, and on February 8, 2024, dispatched a field adjuster to inspect the Property.

15. Prior to the property inspection, 46 Exeter took part in a phone conference with the Penn adjuster on January 18, 2024. During this call, the Penn adjuster indicated that the claim would be denied because "contractor negligence" was not covered under the policy.

16. On February 8, 2024, the field adjuster met with a representative of 46 Exeter at the Property, and prior to conducting his inspection represented to 46 Exeter that it was "common" for a carrier to deny the claim to "make people go away," but that the field adjuster was of the belief that 46 Exeter's claim should be covered due to the storm damage sustained at the Property.

17. On February 15, 2024, Penn issued a letter to 46 Exeter denying the claim on the basis of faulty construction installation.

18. Additionally, Penn's field adjuster's report was dated February 6, 2024, however Penn's field adjuster did not attend the Property for inspection until February 8, 2024.

19. Upon information and belief, at the time Penn took its position, neither its claims adjuster nor field adjuster had performed any proper investigation of the claim, had not submitted the claim to cognitive review, and in fact predetermined that the claim would be denied prior to any investigation or cognitive review having been carried out.

20. Nautilus's investigation has been ongoing for two months.

21. Despite repeated requests for a decision on the claim, Nautilus has refused to either accept or deny the claim.

22. The time within which Nautilus has been investigating the claim has been exorbitant, in light of the uncomplicated issues surrounding 46 Exeter's claim.

Case Number: WC-2024-0125
Filed in Washington County Superior Court
Submitted: 3/12/2024 1:19 PM
Envelope: 4529869
Reviewer: Tracy K.

Case 1:24-cv-00141-WES-LDA     Document 1-2     Filed 04/10/24     Page 5 of 16 PageID #: 11

23. Nautilus dispatched its field adjuster for an inspection of the Property on February 9, 2024.

24. On said date, Nautilus's field adjuster was met at the property by a representative of 46 Exeter. During the meeting, Nautilus's field adjuster made certain remarks about not seeing anything that MTB did wrong in the construction at the Property.

25. Upon information and belief, at the time Nautilus's field adjuster took his position, neither its claims adjuster nor field adjuster had performed any proper investigation of the claim, did not have a complete understanding of the construction work carried out on the Property by MTB, and did not have the requisite knowledge or construction experience necessary to evaluate the work performed by MTB and therefore did not submit the claim to cognitive review.

26. 46 Exeter has at all times material hereto fully complied with the terms of both the Penn and Nautilus policies.

### Count I – Breach of Contract (Penn)

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 as if set forth in full herein.

28. Penn has a contractual obligation to provide 46 Exeter with coverage under the policy as detailed previously herein. This obligation includes, but is not limited to:

    a. The contractual obligation to pay 46 Exeter under the terms of the Penn Policy;

    b. The inherent contractual obligation to perform a full and complete investigation of 46 Exeter's loss, which includes, but is not limited to submitting the claim to cognitive evaluation and review before denying 46 Exeter's claim. *See Skaling v.*

Filed in Washington County Superior Court
Submitted: 3/12/2024 1:19 PM
Envelope: 4529869
Reviewer: Tracy K.

Case 1:24-cv-00141-WES-LDA   Document 1-2   Filed 04/10/24   Page 6 of 16 PageID #: 12

*Aetna Insurance Company*, 799 A.2d 997 (R.I. 2002); *see also Houle v. Liberty Ins. Corp.*, 271 A.3d 591 (R.I. 2022).

29. Penn has breached its contractual obligations throughout its handling of the claim. This includes, but is not limited to, the following: breaching the contractual obligations to compensate 46 Exeter under the terms of the Penn Policy, and breaching its inherent contractual obligation to perform a full and complete investigation of 46 Exeter's claim and submitting the claim to cognitive review before denying the claim.

30. As a direct and proximate result of Penn's breach of contract, 46 Exeter has sustained substantial damages.

### Count II – Breach of Contract (Nautilus)

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 as if set forth in full herein.

32. Nautilus has a contractual obligation to provide 46 Exeter with coverage under the policy as detailed previously herein. This obligation includes, but is not limited to:

   a. The contractual obligation to pay 46 Exeter under the terms of the Nautilus Policy;

   b. The contractual obligation to conduct its investigation and keep 46 Exeter reasonably informed on the results of the same;

   c. The inherent contractual obligation to perform a full and complete investigation of 46 Exeter's loss, which includes, but is not limited to submitting the claim to cognitive evaluation and review before making a decision on 46 Exeter's claim. *See Skaling v. Aetna Insurance Company*, 799 A.2d 997 (R.I. 2002); *see also Houle v. Liberty Ins. Corp.*, 271 A.3d 591 (R.I. 2022).

Case Number: WC-2024-0125
Filed in Washington County Superior Court
Submitted: 3/12/2024 1:19 PM
Envelope: 4529869
Reviewer: Tracy K.

Case 1:24-cv-00141-WES-LDA     Document 1-2     Filed 04/10/24     Page 7 of 16 PageID #: 13

33. Nautilus has breached its contractual obligations throughout its handling of the claim. This includes, but is not limited to the following: breaching the contractual obligations to compensate 46 Exeter under the terms of the Nautilus Policy, failing to complete its investigation in a reasonably expedient manner, and breaching its inherent contractual obligation to perform a full and complete investigation of 46 Exeter's claim and submitting the claim to cognitive review.

34. As a direct and proximate result of Nautilus's breach of contract, 46 Exeter has sustained substantial damages.

*Count III – Bad Faith R.I.G.L. § 9-1-33 (Penn)*

35. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 as if set forth in full herein.

36. Penn owed a duty to its insured, 46 Exeter, to deal with it in the utmost good faith and to act in its best interests as Penn's insured (and not Penn's own pecuniary interest). *See Skaling v. Aetna Insurance Company*, 799 A.2d 997 (R.I. 2002). This duty includes, but is not limited to:

> a. Performing a full and complete investigation of 46 Exeter's claim and submitting such investigation to a cognitive evaluation and review *before* making a decision as to whether 46 Exeter is entitled to benefits under the policy, and if so, in what amount (and cannot satisfy this duty by relying on information acquired *after* making said decision to justify the same). *See R.I.G.L. § 27-9.1-4(a)(6); see also Skaling v. Aetna Insurance Company*, 799 A.2d 997 (R.I. 2002);

6

Case Number: WC-2024-0125
Filed in Washington County Superior Court
Submitted: 3/12/2024 1:19 PM
Envelope: 4529869
Reviewer: Tracy K.

Case 1:24-cv-00141-WES-LDA     Document 1-2     Filed 04/10/24     Page 8 of 16 PageID #: 14

b.  Effectuating prompt, fair and equitable settlement of the claim submitted by 46 Exeter, to relief it of the burden and expense of litigation. *See R.I.G.L. § 27-9.1-4(a)(4); see also Skaling v. Aetna Insurance Company*, 799 A.2d 997 (R.I. 2002);

c.  Performing its obligations under the contract of insurance in a timely manner (including but not limited to acknowledging and acting with reasonable promptness upon pertinent communications with respect to claims arising under its policies). *See R.I.G.L. § 27-9.1-4(a)(3); see also Skaling v. Aetna Insurance Company*, 799 A.2d 997 (R.I. 2002).

37. Penn breached its duties set forth above and violated its obligation to deal with its insured, 46 Exeter, in good faith and in fact has committed several acts of bad faith throughout its handling of the claim.

38. Penn's actions violate R.I.G.L. § 9-1-33.

39. As a direct and proximate result of Penn's acts of bad faith, 46 Exeter has suffered substantial damages.

<u>*Count IV – Bad Faith R.I.G.L. § 9-1-33 (Nautilus)*</u>

40. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 39 as if set forth in full herein.

41. Nautilus owed a duty to its insured, 46 Exeter, to deal with it in the utmost good faith and to act in its best interests as Nautilus's insured (and not Nautilus's own pecuniary interest). *See Skaling v. Aetna Insurance Company*, 799 A.2d 997 (R.I. 2002). This duty includes, but is not limited to:

a.  Performing a full and complete investigation of 46 Exeter's claim and submitting such investigation to a cognitive evaluation and review *before* making a decision

Case Number: WC-2024-0125
Filed in Washington County Superior Court
Submitted: 3/12/2024 1:19 PM
Envelope: 4529869
Reviewer: Tracy K.

Case 1:24-cv-00141-WES-LDA   Document 1-2   Filed 04/10/24   Page 9 of 16 PageID #: 15

   as to whether 46 Exeter is entitled to benefits under the policy, and if so, in what amount (and cannot satisfy this duty by relying on information acquired *after* making said decision to justify the same). *See R.I.G.L. § 27-9.1-4(a)(6); see also Skaling v. Aetna Insurance Company*, 799 A.2d 997 (R.I. 2002);

 b. Effectuating prompt, fair and equitable settlement of the claim submitted by 46 Exeter, to relief it of the burden and expense of litigation. *See R.I.G.L. § 27-9.1-4(a)(4); see also Skaling v. Aetna Insurance Company*, 799 A.2d 997 (R.I. 2002);

 c. Performing its obligations under the contract of insurance in a timely manner (including but not limited to acknowledging and acting with reasonable promptness upon pertinent communications with respect to claims arising under its policies). *See R.I.G.L. § 27-9.1-4(a)(3); see also Skaling v. Aetna Insurance Company*, 799 A.2d 997 (R.I. 2002).

 42. Nautilus breached its duties set forth above and violated its obligation to deal with its insured, 46 Exeter, in good faith and in fact has committed several acts of bad faith throughout its handling of the claim.

 43. Nautilus's actions violate R.I.G.L. § 9-1-33.

 44. As a direct and proximate result of Nautilus's acts of bad faith, 46 Exeter has suffered substantial damages.

 WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be proven at trial and in excess of $85,000.00, plus punitive damages pursuant to R.I.G.L. § 9-1-33, interest, costs, and attorneys' fees pursuant to R.I.G.L. § 9-1-33, and any such other relief as this Honorable Court deems just and proper.

Case Number: WC-2024-0125
Filed in Washington County Superior Court
Submitted: 3/12/2024 1:19 PM
Envelope: 4529869
Reviewer: Tracy K.

Case 1:24-cv-00141-WES-LDA     Document 1-2     Filed 04/10/24     Page 10 of 16 PageID #: 16

Plaintiff,
46 Exeter, LLC
By its Attorney,

/s/ *Joseph P. Carnevale*
Joseph P. Carnevale, Esq. (#9121)
Savage Law Partners, LLP
564 South Water Street
Providence, RI 02903
Tel: (401) 238-8500
Fax: (401) 648-6748
E-Mail: jcarnevale@savagelawpartners.com

Dated: March 12, 2024

9



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

### SUMMONS

|  | **Civil Action File Number**<br>WC-2024-0125 |
|---|---|
| **Plaintiff**<br>46 Exeter, LLC<br>v.<br>Penn-America Insurance Company et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Joseph Paul Carnevale |
|  | **Address of the Plaintiff's Attorney or the Plaintiff**<br>Savage Law Partners LLP<br>564 South Water Street<br>PROVIDENCE RI  02903 |
| McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield RI  02879<br>(401) 782-4121 | **Address of the Defendant**<br>3 Bala Plaza East, Suite 300<br>Bala Cynwyd PA  19040 |

**TO THE DEFENDANT, Penn-america Insurance Company:**

   The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

   If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

   As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 3/13/2024. | /s/ Brenden Oates<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised January 2023)



# STATE OF RHODE ISLAND JUDICIARY
# SUPERIOR COURT

| **Plaintiff** <br> 46 Exeter, LLC <br>  v. <br> Penn-America Insurance Company et al. <br> **Defendant** | **Civil Action File Number** <br> WC-2024-0125 |
|---|---|

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Penn-America Insurance Company, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person of suitable age and discretion _____
   Address of dwelling house or usual place of abode _____
   _____
   Age _____
   Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ With a guardian or conservator of the Defendant.
   Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
   Name of person and designation _____

SC-CMS-1 (revised January 2023)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
  Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: ____/____/_____       SERVICE FEE $_____
             Month  Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____
County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                               Notary Public: _____
                               My commission expires: _____
                               Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised January 2023)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

### SUMMONS

|  | **Civil Action File Number**<br>WC-2024-0125 |
|---|---|
| **Plaintiff**<br>46 Exeter, LLC<br>  v.<br>Penn-America Insurance Company et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Joseph Paul Carnevale |
|  | **Address of the Plaintiff's Attorney or the Plaintiff**<br>Savage Law Partners LLP<br>564 South Water Street<br>PROVIDENCE RI  02903 |
| McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield RI  02879<br>(401) 782-4121 | **Address of the Defendant**<br>3 Bala Plaza East, Suite 300<br>Bala Cynwyd PA  19040 |

**TO THE DEFENDANT, Penn-america Insurance Company:**

   The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

   If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

   As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 3/13/2024. | /s/ Brenden Oates<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised January 2023)



# STATE OF RHODE ISLAND JUDICIARY
# SUPERIOR COURT

| **Plaintiff** <br> 46 Exeter, LLC <br>  v. <br> Penn-America Insurance Company et al. <br> **Defendant** | **Civil Action File Number** <br> WC-2024-0125 |
|---|---|

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Penn-America Insurance Company, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person of suitable age and discretion _____
   Address of dwelling house or usual place of abode _____
   _____
   Age _____
   Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ With a guardian or conservator of the Defendant.
   Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
   Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised January 2023)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
  Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
  _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: ____/_____/_____         SERVICE FEE $_____
                Month   Day    Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____
County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                              Notary Public: _____
                              My commission expires: _____
                              Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised January 2023)